(120 App. Div. 177.)

### CHOYCE v. ISAAC A. HOPPER & SON. Inc.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

**1. NEGLIGENCE.**

Plaintiff, an employé of the contractors for the iron work of a building, which iron work had been erected to the height of two stories, having gone into the cellar to get an iron beam, was injured by the fall of bricks dumped on the scaffold by a hod carrier in the employ of defendant, the contractor for the brick work. *Held* that, as no one habitually worked under the scaffold, negligence of the hod carrier, making defendant liable, could be shown only by proof that such carrier knew or ought to have known some one was below, and it was not enough to show that plaintiff called to the masons to stop till he got through looking under the scaffold; it not appearing that such carrier heard this or knew plaintiff was below.

**2. SAME.**

Where men are not customarily at work, or likely to pass, under a scaffold constructed by the contractor for the brick work of a building, he is not negligent in constructing it with planks of unequal length, whereby some of the bricks dumped on it went over the end of the shorter plank, hitting an employé of the contractor for the iron framework, who had gone from above into the cellar to look for a beam.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 59.]

Appeal from Trial Term, New York County.

Action by Albion B. Choyce against Isaac A. Hopper & Son, incorporated. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

J. S. L'Amoreaux, for appellant.
Charles Caldwell, for respondent.

HOUGHTON, J.   The plaintiff was an employé of the contractors for the iron work, and the defendant was the contractor for the brick work of a building in course of erection; the two classes of work proceeding together.   The iron work had been erected to two stories in height, and the defendant was filling in with brick.   Some of the iron columns and beams had been stored in the cellar, and the plaintiff, desiring a beam of a certain number, went to the cellar to find it. The scaffolding upon which defendant's masons were work     as laid upon tiers of wooden horses, and was about 15 feet from the cellar bottom.   As the plaintiff went down he noticed how and where the masons were working, and as he got to the cellar he observed that chips of brick and scrapings from the wall were falling, and called out to the masons to stop it until he got through looking under the scaffolding.   At the time this request was made a hod carrier in the employ of defendant was walking up the runway with a hod of brick, which he dumped on one end of the scaffold.   The planks of the scaffolding were of unequal length, and two bricks went over the end of the shorter plank and struck plaintiff on the head, inflicting the injuries for which he complains.

It is manifest that, if defendant is liable at all for the injuries which the plaintiff suffered, it is liable only because its hod carrier was negligent in dumping his hod of bricks in the manner in which he did. The warning which plaintiff gave was not addressed to him, and there is no proof that he heard it, or understood it, or knew that the plaintiff was at work under the scaffold.   The bricks were apparently rough ones, and were dumped in the usual way.   There was no occasion for care in dumping them on the scaffolding in such manner as that none would fall off, unless some person was, or was likely to be, underneath. Neither the plaintiff nor any others about the building habitually worked underneath the scaffolding, and it was, therefore, incumbent upon the plaintiff to prove knowledge on the part of the hod carrier, or such a situation as would show that he ought to have had knowledge that some one was underneath and liable to be injured by falling brick.   This we think the plaintiff failed to do.

But, even if the jury were justified in saying that the hod carrier heard and understood the warning, or ought to have done so, or knew that plaintiff was underneath the scaffolding and was negligent in dumping his hod, still the judgment must be reversed for an error in the charge.   At the close of his charge, at the request of plaintiff's counsel, the court charged that the jury should take into consideration whether or not the defendant used due care in the construction of the scaffold with respect to uneven planks, to which the defendant excepted.   There was no obligation on the part of the defendant to construct its scaffolding so that material would not fall off or through it, unless men were customarily at work, or likely to pass under it. There is no proof of such a situation.   Plaintiff's presence there was casual, and, in so far as appears, unusual.   The scaffold was sufficient for the purpose for which it was erected, and there was no negligence on the part of the defendant in failing to guard against material falling from it, because there was no reason to apprehend that any one would be underneath who might be injured thereby.   The request as given

introduced to the consideration of the jury an element of negligence which the facts proven did not warrant.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.